**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000539
30-SEP-2025
08:27 AM
Dkt. 74 SO**

NO. CAAP-24-0000539

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALDEN BUNAG, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-22-0001252)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Alden Bunag (**Bunag**) challenges his consecutive sentence. We affirm.

Bunag appeals the July 10, 2024 "Judgment of Conviction and Sentence; Notice of Entry" (**Judgment**), entered by the Circuit Court of the First Circuit (**Circuit Court**).[1] Bunag was convicted and sentenced as follows: twenty years of imprisonment for Count 1, Continuous Sexual Assault of a Minor

---

[1] The Honorable Fa'auuga L. To'oto'o presided.

Under the Age of Fourteen Years (**Continuous Sexual Assault**), for engaging in three or more acts of sexual penetration or sexual contact with his then-thirteen-year-old student while he was a teacher at Ilima Intermediate School; ten years for Count 3, Promoting Child Abuse in the Second Degree (**Promoting Child Abuse 2nd**), for disseminating in an online chatroom the video recordings he made of his sexual assaults of the minor; and five years for Count 4, Promoting Child Abuse in the Third Degree (**Promoting Child Abuse 3rd**), for knowingly possessing numerous child pornography videos and images, stored on his computer and phone.

Bunag's single point of error contends the Circuit Court erred in ordering sentences for Count 1 (Continuous Sexual Assault) and Count 3 (Promoting Child Abuse 2nd) to be served consecutively, "without articulating the requisite sentencing factors and analysis" to justify the consecutive sentence, and failing to "provide sufficient independent grounds to impose each consecutive sentence."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Bunag's point of error as follows.

At the July 10, 2024 sentencing hearing, the Circuit Court imposed a single consecutive sentence, ordering the ten-year sentence in Count 3 to run consecutively to the twenty-year sentence in Count 1. The five-year sentence in Count 4 was run concurrently with Counts 1 and 3. Bunag timely appealed the July 10, 2024 Judgment. On August 12, 2024, the Circuit Court entered its "Findings of Fact, Conclusions of Law [(**FOFs/COLs**)], and Order Granting State of Hawaii's Oral Motion for Consecutive Terms of Imprisonment."

Bunag argues that the Circuit Court "did not articulate or explain its rationale for each separate, individual, consecutive sentence," as required by State v. Bautista, 153 Hawaiʻi 284, 291, 535 P.3d 1029, 1036 (2023).[2] Bunag also claims the Circuit Court "did not consider all the factors" in Hawaii Revised Statutes (**HRS**) § 706-606 because the record only shows that "[t]he court considered the relationship between [Bunag] and the complainant and the seriousness of the offense . . . [and] does not reflect that the court considered any other factors in imposing the consecutive sentences."

Under HRS § 706-668.5(1) (2014 & Supp. 2024), a sentencing court has discretion to impose consecutive or concurrent sentences. We review a trial court's imposition of sentence for "whether the court committed plain and manifest abuse of discretion in its decision." State v. Barrios, 139 Hawaiʻi 321, 328, 389 P.3d 916, 923 (2016) (citation omitted).

In determining whether to impose consecutive or concurrent sentences, a court must consider the general sentencing factors set forth in HRS § 706-606,[3] and the "court

---

[2]    In Bautista, the supreme court vacated the imposition of three consecutive sentences because the circuit court offered no rationale for each consecutive sentence. 153 Hawaiʻi at 291, 535 P.3d at 1036.

[3]    HRS § 706-606 (2014), entitled "Factors to be considered in imposing a sentence," requires the sentencing court to consider the following factors "in determining the particular sentence to be imposed":

> (1)  The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)  The need for the sentence imposed:
>
> > (a)  To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
> >
> > (b)  To afford adequate deterrence to criminal conduct;

3

must state its reasons as to why a consecutive sentence rather than a concurrent one was required." State v. Hussein, 122 Hawai'i 495, 509, 229 P.3d 313, 327 (2010). However, "[t]he weight to be given the factors set forth in HRS § 706-606 in imposing sentence is a matter generally left to the discretion of the sentencing court, taking into consideration the circumstances of each case." State v. Kong, 131 Hawai'i 94, 101, 315 P.3d 720, 727 (2013) (citation omitted). Moreover, "[a] sentencing court is not required to articulate and explain its conclusions with respect to every factor listed in HRS § 706-606." Id. at 102, 315 P.3d at 728 (citation omitted). "Absent clear evidence to the contrary, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606." Id. (citation and brackets omitted).

Here, the record reflects the Circuit Court's consideration and application of the HRS § 706-606 factors it deemed pertinent to this case. The Circuit Court considered "[t]he nature and circumstances of the offense" under HRS § 706-606(1), the "seriousness" of Bunag's offenses and the need "to provide just punishment" under section (2)(a), and specifically concluded that:

---

        (c)  To protect the public from further crimes of the defendant; and

        (d)  To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)  The kinds of sentences available; and

    (4)  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

4

> [Bunag] took advantage of his position of trust as an
> employee of Ilima Intermediate School to commit these
> offenses against the vulnerable Complainant. [Bunag]
> sexually assaulted the Complainant in what was supposed to
> be a safe space – the Complainant's school. Not only did
> [Bunag] repeatedly subject the Complainant to sexual abuse,
> [Bunag] recorded it and disseminated it to another person.
> The Complainant has to live with constant fear and worry
> over who has seen this video . . . This factor weighs in
> favor a [sic] consecutive term of imprisonment.

COL 3. The Circuit Court noted that Bunag "was the teacher"; Bunag "had control over his action" and "control over . . . his students[,]" including the Complainant; and Complainant "was looking to [Bunag] for emotional support, educational support, not ruin [of Complainant's] life." The record also shows that the Circuit Court considered "the history and characteristics of the defendant," by noting,

> [Bunag] led a law-abiding life before committing these
> crimes involving this Complainant. However, [Bunag] also
> grew up with the benefit of a supportive family and access
> to education. Although [Bunag] and his supporters
> characterize [Bunag] as having positive interactions with
> children, his actions in the instant case speak otherwise.

COL 4. See HRS § 706-606(1). We presume that the Circuit Court considered all of the applicable factors under HRS § 706-606. See Kong, 131 Hawai'i at 102, 315 P.3d at 728.

Here, the record also reflects the Circuit Court explained its rationale for the single consecutive sentence it imposed, noting the separate and distinct harms to Complainant from the Continuous Sexual Assault offense in Count 1, and from the Promoting Child Abuse 2nd offense in Count 3 due to the "constant fear and worry over" Bunag's dissemination of the videos of Bunag's sexual assaults of Complainant. See Bautista, 153 Hawai'i at 291, 535 P.3d at 1036 (requiring that a "court's rationale must be tethered to each consecutive sentence"); State v. Lavoie, No. CAAP-23-0000296, 2024 WL 3826192, at *5 (Haw.

App. Aug. 15, 2024) (SDO) (affirming imposition of a "single" consecutive sentence of twenty years for Manslaughter and twenty years for Carrying or Use of Firearm in the Commission of a Separate Felony), aff'd in part, 156 Hawaiʻi 250, 573 P.3d 633 (2025); State v. Sorensen, No. CAAP-24-0000107, 2025 WL 1250522, at *11 (Haw. App. Apr. 30, 2025) (mem. op.) (vacating the trial court's imposition of three twenty-year consecutive sentences for a total of sixty years because the court "failed to explain its rationale for imposing each consecutive sentence").

We conclude the Circuit Court sufficiently stated its reasons for imposing a single consecutive sentence, and the sentence was within its discretion. See Barrios, 139 Hawaiʻi at 328, 389 P.3d at 923.

For the foregoing reasons, we affirm the July 10, 2024 Judgment entered by the Circuit Court of the First Circuit.

DATED: Honolulu, Hawaiʻi, September 30, 2025.

On the briefs:

Ernesto M. Ganaden
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge